# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUKE JONES, <br>     *Petitioner*, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br>     *Respondent*. | No. 3:15-cv-1405 (VAB) |

## RULING AND ORDER ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

On September 24, 2015, Luke Jones filed an application for a writ of habeas corpus, moving to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255(f)(4). Motion to Vacate, Set Aside or Correct Sentence, filed Sept. 24, 2015 ("Mot."), ECF No. 1. On April 28, 2017, the United States of America ("the Government") filed a memorandum in opposition to the motion to vacate. Memorandum in Opposition re Motion to Vacate, Set Aside or Correct Sentence, filed Apr. 28, 2017 ("Gov't's Mem."), ECF No. 8.

Because Mr. Jones's application is a successive one, this Court has no jurisdiction and must transfer it, in the interest of justice, to the United States Court of Appeals for the Second Circuit (the "Second Circuit"), without addressing the merits. *See* 28 U.S.C § 1631; 28 U.S.C. § 2255(h).

## I.     FACTUAL AND PROCEDURAL BACKGROUND

###     A.     Factual Allegations

On October 30, 2003, in the United States District Court for the District of Connecticut, before the Honorable Alan H. Nevas, Mot. at 1,.a jury convicted Mr. Jones of violating 18

U.S.C. § 1962(e), Racketeer Influenced and Corrupt Organizations ("RICO") (Count One), 18 U.S.C. § 1962(d), RICO Conspiracy (Count Two), 18 U.S.C. § 846, conspiracy to possess and to distribute 5,000 grams of cocaine, 1,000 grams of heroin, and 50 grams of cocaine-base (Counts Five and Six), 18 U.S.C. § 1959(a)(5), VCAR: Conspiracy to Murder Lawson Day (Count Eighteen), and 18 U.S.C. § 1959(a)(5), VCAR: Conspiracy to Murder Anthony Scott (Count Twenty-One). Fifth Superseding Indictment, annexed as Ex. 1 to Gov't's Mem., ECF No. 8-1.

On January 7, 2004, Judge Nevas sentenced Mr. Jones to life imprisonment on Counts One, Two, Five and Six, and ten years imprisonment on Counts Eighteen and Twenty-One, all to run concurrently with each other. Judgment, dated Jan. 7, 2004, annexed as Ex. 2 to Gov't's Mem., ECF No. 8-2. Mr. Jones appealed his conviction and sentence. The Second Circuit affirmed the conviction but ordered a *Crosby* remand in light of the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Jones*, 482 F. 3d 60 (2d Cir. 2006); *see also United States v. Crosby*, 397 F.3d 103, 117 (2d Cir. 2005) (holding that remand was warranted where sentencing judge, before *Booker*, committed procedural error in imposing sentence, to afford judge opportunity to determine, based on circumstances at time of original sentence, whether original sentence would have been nontrivially different post-*Booker*).

Following the Second Circuit's remand, Mr. Jones filed a motion for resentencing, which was subsequently denied by the Court and affirmed by the Second Circuit. *See United States v. Jones*, 294 F. App'x. 624, 628 (2d Cir. 2008).

On March 26, 2010, Mr. Jones filed his first application for a writ of habeas corpus, seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See* Motion to Vacate, Set Aside or Correct Sentence, filed Mar. 26, 2010, No. 10 CV 467, ECF No. 1. The

Court denied the motion on the merits on July 20, 2011. *See* Ruling Denying Motion to Vacate, Set Aside or Correct Sentence, filed July 20, 2011, No. 10 CV 467, ECF No. 16 (Dorsey, J.). Mr. Jones then filed a motion for reconsideration, which the Court denied without issuing a certificate of appealability, finding that Mr. Jones had "made no substantial showing of the denial of a constitutional right." *See* Ruling Denying Motion for Reconsideration, filed Feb. 16, 2012, No. 10 CV 467, ECF No. 19 (Burns, J.).

Mr. Jones appealed, and on March 25, 2013, the Second Circuit issued a Mandate denying his motion for a certificate of appealability and dismissing the appeal. Mandate, annexed as Ex. 3 to Gov't's Mem., ECF No. 8-3.

### B. Procedural History

On September 24, 2015, Mr. Jones filed a new motion in this Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255(f)(4). *See* Mot. On April 22, 2016, the Court ordered the Government to show cause why the Court should not grant the motion to vacate, set aside, or correct the sentence. Order to Show Cause, filed Apr. 22, 2016, ECF No. 3. On April 13, 2017, the Court issued another Order to Show Cause, again requiring the Government to file a response to Mr. Jones's application. Order, Apr. 13, 2017, ECF No. 7.

On April 28, 2017, the Government filed its opposition, arguing that the motion should be construed as a claim under 28 U.S.C. § 2255(h)(1) based on the claim of newly discovered evidence that allegedly calls into question the effectiveness of his trial counsel and the legality of his RICO, RICO Conspiracy, and narcotics trafficking convictions, and the Court therefore should transfer Mr. Jones's motion to the Second Circuit for review. *See* Gov't's Mem. Mr. Jones responded on May 12, 2017. *See* Petitioner's Reply to Gov't's Opposition, filed May 12,

2017 ("Pet'r's Reply"), ECF No. 9. He subsequently filed a motion to amend his motion to vacate, set aside, or correct his sentence. Motion to Amend, filed Jan. 12, 2018, ECF No. 10.

## II. STANDARD OF REVIEW

A federal prisoner challenging a criminal sentence may do so under 28 U.S.C. § 2255 "where the sentence (1) was imposed in violation of the U.S. Constitution or the laws of the United States; or (2) was entered by a court without jurisdiction to impose the sentence; or (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral attack." *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) created a gate-keeping mechanism that limits a prisoner's ability to file a second or successive § 2255 motion. That mechanism requires a second or successive petition to be certified by a panel of an appropriate court of appeals to contain: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244(b)(3); *Adams*, 372 F.3d at 135.

"The AEDPA does not define a 'second or successive' petition or motion." *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998) (citing *Camarano v. Irvin*, 98 F.3d 44, 45–46 (2d Cir. 1998)). The Second Circuit, however, has repeatedly held that a petition is deemed to be second or successive if a prior petition "raising claims regarding the same conviction or sentence [ ] has been decided on the merits." *Quezada v. Smith*, 624 F.3d 514, 517–18 (2d Cir. 2010) (quoting *Corrao*, 152 F.3d at 191); *Camarano*, 98 F.3d at 45–47.

The Second Circuit has held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in a district court without the authorization by this Court that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to this Court in the interest of justice pursuant to § 1631. . . ." *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996) (*per curiam*).

**III. DISCUSSION**

The Government asserts that Mr. Jones's motion to vacate his sentence must be denied because he has failed to obtain authorization from the Second Circuit to pursue a second application for a writ of habeas corpus. Gov't's Mem., at 1. The Court agrees.

The Government refers to Mr. Jones's first habeas motion filed on March 26, 2010, which was denied on July 14, 2011. Gov't's Mem. at 2; *see* Ruling Denying Motion to Vacate, Set Aside or Correct Sentence, filed July 20, 2011, No. 10 CV 467, ECF No. 16 (Dorsey, J.). The Government asserts that Mr. Jones's second or successive § 2255 petition "repackag[es] his prior ineffective assistance of counsel claim as a purportedly newly discovered evidence claim" and that even if there was any merit to the motion, it should still be denied. *Id*. It is the Government's position that since Mr. Jones's previous § 2255 petition was decided and denied on the merits, the current motion is considered a successive petition under 28 U.S.C. § 2244(b)(3); thus, the Court should transfer the petition to the Second Circuit for authorization. Gov't's Mem. at 4.

Mr. Jones claims that the Government is attempting to apply an inapplicable standard of law. Pet'r's Reply at 1. Mr. Jones asserts that his motion is timely and the Court can rule on its merits under 28 U.S.C. § 2255(f)(4*). Id*. at 3. The Court disagrees.

Mr. Jones' application is his second or successive application, and therefore should be transferred to the Second Circuit for authorization. The Second Circuit must certify a second or

successive habeas petition before a district court may hear it. *See* 28 U.S.C. § 2255(h). "[R]eaching the merits of an uncertified second or successive § 2255 petition impermissibly circumvents the AEDPA's gatekeeping provisions." *Corrao*, 152 F.3d at 191; *see also Torres v. Senkowski*, 316 F.3d at 151 (2d Cir. 2003). "[T]he district court must transfer uncertified successive motions . . . pursuant to 28 U.S.C. § 1631 . . . to cure want of jurisdiction." *Torres*, 316 F.3d at 151–52.

Mr. Jones does not dispute that his previous habeas petition was decided on the merits. The petitioner cites *Wims v. United States*, 225 F.3d 186, 188 (2d. Cir. 2000) for the proposition that § 2255(f)(4) resets the one-year limitation beginning date, moving it from the time when the conviction became final, to the date the facts supporting the claims presented could have been discovered through due diligence. Pet'r's Reply at 1–3. Unlike *Wims*, which involved a delay of five months between the date the convictions became final and the date falling one year before the initial habeas motion was actually filed, this case involves a second habeas petition being filed after an initial habeas petition was timely filed and dismissed on the merits. *See Wims*, 225 F.3d at 191.

Because Mr. Jones's first habeas motion was dismissed on the merits, this motion is an uncertified, successive habeas petition; it raises claims regarding the original judgment of conviction; and it is not based on a new, intervening judgment. Thus, this Court has no jurisdiction to rule on the merits of the petitioner's claims in the absence of a certification by the Court of Appeals. *See Torres*, 316 F.3d at 149 ("[T]he authorization requirement is jurisdictional and therefore cannot be waived.").

Accordingly, this instant petition must be transferred to the Second Circuit under 28 U.S.C. § 1631, in the interest of justice, for a determination of whether it may be heard by this Court.

## IV.     CONCLUSION

For the foregoing reasons, Mr. Jones's motion is **DENIED** for want of jurisdiction.

The Clerk of the Court is respectfully directed to transfer this case to the Second Circuit, under 28 U.S.C. § 1631.

**SO ORDERED** this 28th day of September, 2018, at Bridgeport, Connecticut.

<u>/s/ Victor A. Bolden</u>
Victor A. Bolden
United States District Judge